Geaham, Judge,
delivered the opinion of the court:
This case arose out of a claim for expenditures by the authorized representatives of the State of Rhode Island in aiding the United States to raise a volunteer army in the Spanish-American War. The amounts expended by the State of Rhode Island are not in dispute. The act of Congress, 43 Stat. 964, referring the claim to this court, provides:
“ That the items of the claim of the State of Rhode Island against the United States for expenses incurred and paid in aiding the United States to raise its volunteer army in the war with Spain, which items, either in whole or in part, were rejected by the accounting officers of the Treasury Department, be, and the same are hereby, referred to the Court of Claims for adjudication and report to Congress.”
The act of Congress of July 8, 1898, 30 Stat. 130, authorized the reimbursement of the said State for its reasonable costs and expenditures incurred in aiding the United States to raise a volunteer army. The act of March 3, 1899, 30 Stat. 1356, authorized reimbursement for the purposes named *697 in the last act for expenses incurred as well after as before July 8, 1898, where the troops were accepted into the volunteer' army, the rate of compensation for services to be based upon the allowances made by the law of the State to its militia according to grade. It also provided for reimbursement for the purchase of supplies and equipment, and necessary expenses for the comfort of the men in camp and rendezvous.
The act of April 27, 1904, 33 Stat. 312, provides that where the governor of a State or Territory has furnished military transportation, purchased or authorized the purchase of supplies, or incurred expenses for services rendered, and which purchases of supplies and expenses for military transportation and services rendered have been certified by the governor as necessary, just, and reasonable for the organization, maintenance, transportation, and comfort of the troops raised by him and accepted into the service of the United States Army in the Spanish-American War, the Secretary of the Treasury is authorized to allow such items or parts thereof as have been disallowed; and the certificate of the governor that such expenses were incurred in good faith, for the sole purpose of aiding the United States in the raising, organizing, transporting, and equipping of troops, shall be held to be sufficient to authorize the final settlement and payment in full of such claims.
The State presented a claim for $213,533.86, and under authority of the foregoing acts the Treasury Department allowed the sum of $129,047.97. Thereafter, under the provisions of the act of June 7, 1906, 34 Stat. 214, entitled “An act for the relief of the State of Rhode Island,” and directing the Secretary to readjust the claim of the State, the Treasury Department reconsidered and readjusted the claim and allowed an additional sum of $32,022.88, making a total allowance of $161,070.85. This allowance was based upon a construction of the statute of Rhode Island dealing with the pay of the militia of that State, which is as follows:
“ In case the militia, or any part thereof, shall be ordered out by the commander in chief for escort or other duty, like payments shall be made for duty so performed, provided such duty is not required to exceed ten days at any one time. *698 In case of insurrection, war, or imminent danger thereof, the, military forces of the State when in actual service to exceed ten days shall be entitled to the same pay, rations, and allowances as are or shall hereafter be established by law for the Army of the United States.
“ The like pay refers to $1.50 a day allowed for camp duty, pay to each member of a brigade, regiment, or company other than commissioned officers.”
The question was how the men called out and employed by the State in its effort to raise a volunteer army should be paid under the terms of that statute, the act authorizing the payment having provided that they should be paid as the statute of the State prescribed. The comptroller construed the act to mean that where men had been in the service 1Ó days or less they were entitled to pay at the rate of $1.50 a day, that where they had been in the service more than 10 days, say 11 days, they were entitled only to the pay established by law for the Army of the United States; that is, that if a man had served 4 days he was entitled to $6.00; if he served 11 days he was entitled to $5.72.
The plaintiff contends that under the act where the service was for 10 days or less, the men were entitled to $1.50 a day; that where the service was for more than 10 days, the men were entitled to $1.50 a day for 10 days, and for each day in excess of 10 days, 52 cents, the rate established for the United States Army.
Without attempting extended discussion, it is a fair construction of the act to say that it was not intended that it should bring about any such incongruous situation or inharmonious result as that a- man who served 4 days should receive more pay than a man who served 11 days. The act must be given a construction most conformable to reason and justice, and we are of opinion that the reasonable construction is that the State of Rhode Island should be compensated for payments made, on the basis of $1.50 a day for men serving 10 days or less, and where the service was more than 10 days, $1.50 a day for 10 days and 52 cents for each day in excess thereof.
This conclusion entitles the plaintiff to recover on the ground of said difference in pay a balance of $7,198.16.
*699 The plaintiff should also be allowed to recover the further sum of $4,785.58 for payments to staff officers and details at hospitals, making a total of $11,983.74. All of the items embraced in these allowed balances were certified by the Governor of Rhode Island as necessary, just, and reasonable for the organization, maintenance, transportation, and comfort of the troops raised by him and accepted by the United States, and to have been incurred in good faith, for the sole purpose of aiding the United States, in raising, organizing, transporting, equipping, and caring for said troops.
Let judgment be entered in favor of plaintiff for $11,983.74.
GREEN, Judge; Moss, Judge; and Booth, Chief Justice, concur.